IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| TIFFANY ORLANDO, | |
| Plaintiff, | |
| v. | Case No. 1:24-cv-2093-PTG-WBP |
| BOEING AEROSPACE OPERATIONS, INC. and THE BOEING COMPANY, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF CONSENT MOTION TO AMEND
CASE SCHEDULE AND DATE OF FINAL PRETRIAL CONFERENCE**

Pursuant to this Court's February 14, 2025 Order (Dkt. No. 30), Boeing Aerospace Operations, Inc. and The Boeing Company (together, "Boeing") and Plaintiff Tiffany Orlando ("Plaintiff") respectfully move this Court to amend the case schedule and date of the final pretrial conference and submit this memorandum in support.

1. On February 14, 2025, the Court entered an Order directing Plaintiff to make her damages expert disclosures by February 26, 2025, and Boeing to make its damages expert disclosures by March 28, 2025. *See* Dkt. No. 30.

2. Consistent with the Order, Boeing noticed Plaintiff's deposition for March 5, 2025, vocational exam for March 6, 2025, and orthopedic independent medical examination for March 7, 2025. *See* Dkt. No. 45 ¶ 2.

3. Unfortunately, on February 27, 2025, Plaintiff was admitted to the hospital at the University of Virginia due to an infection in her leg. Plaintiff was discharged on the evening of March 5, 2025, but in light of her ongoing medical treatment—including narcotics, muscle

relaxants, antibiotics, and a drain in her leg—she was unable to participate in that week's scheduled discovery activities and requested to reschedule them. Boeing agreed to reschedule. *See id.* ¶ 3.

4. Boeing then re-noticed Plaintiff's deposition for March 11, 2025. However, Plaintiff informed Boeing that she would have her drain removed, and stop medication, on March 19, 2025.

5. The parties then represented to the Court that they would "re-notice [Plaintiff's] deposition for the earliest mutually convenient date available." *Id.* ¶ 4. They complied with that representation by noticing and taking Ms. Orlando's deposition on March 20, 2025.

6. Boeing's orthopedic and vocational experts both advised that they were not available to reschedule the IME and vocational examination until the week of March 24, 2025, due to personal and professional conflicts. *Id.* ¶ 5. The parties have now scheduled Plaintiff's orthopedic IME for Monday, March 24, 2025, and Plaintiff's vocational examination for Friday, March 28, 2025. They have also scheduled Plaintiff's life care plan/physical medicine and rehabilitation exam for Wednesday, March 26, 2025.

7. Plaintiff's hospitalization and medical treatment could not have been anticipated by the parties, and the unanticipated delay in obtaining her deposition and examinations will make it almost impossible for Boeing to produce its damages expert reports by the current deadline of April 3, 2025. Further, one of Boeing's experts had a medical procedure last week that resulted in unanticipated complications and an extended hospital stay, making it even more challenging to meet the existing deadlines.

8. Additionally, the parties previously reported that they submitted a *Touhy* request to the National Reconnaissance Office ("NRO") for documents related to this lawsuit. *See* Dkt. No. 22, at 2. The NRO has produced a limited set of documents, including photographs of the site of

Plaintiff's fall, but it has not yet completed its production. For example, the NRO has not yet released the relevant contract or statement of work for either party's review or use; the parties understand that such production may occur next week. The parties also understand that the NRO may produce additional design materials related to the area where Plaintiff fell, including with respect to lighting.

9. Nevertheless, Boeing believes it now has obtained sufficient information in discovery to file a dispositive motion on liability issues. Boeing anticipates being able to file that motion by April 4, 2025, and sooner if possible and, if a hearing is necessary, will notice it for May 1, 2025, as provided below. Boeing does not at this time intend to rely on any expert testimony for that motion. Nothing herein shall prevent or relieve Boeing or Plaintiff from timely responding to any outstanding discovery requests.

10. Boeing intends to bring a dispositive motion on the sole issue liability before the close of discovery in a good-faith effort to keep the case moving forward. Boeing does not wish to waive its ability to file another dispositive motion, if necessary, after discovery is complete, and it requests that the Court memorialize this request in its Order.

11. Plaintiff believes that subsequent NRO productions, as well as other productions and outstanding discovery amongst the parties, may provide additional liability information to support her case. Plaintiff intends to amend her timely-served liability expert disclosures upon receipt of additional documents from the NRO, if such documents support amendment. The parties agree that it, if an extension is granted with respect to other expert discovery and the final pretrial conference, it would be inefficient for Boeing to serve its liability expert disclosures before the *Touhy* production is complete and Plaintiff has had an opportunity to amend her disclosures.

12. In its February 14 Order, the Court directed the parties to "identify the specific discovery tasks the parties wish to conduct outside the current discovery schedule, describe why they cannot be completed within the existing discovery schedule, and propose dates for them to be completed." Dkt. No. 30.

13. The parties believe that expert discovery cannot be completed within the current discovery schedule due to Plaintiff's hospitalization and the NRO's ongoing efforts to produce documents in response to the *Touhy* request.

14. Boeing also believes that its proposed dispositive motion may resolve the case in a "just, speedy, and inexpensive" manner, before either party undertakes the burden of additional expert disclosures and depositions. Fed. R. Civ. P. 1.

15. The parties propose a briefing schedule and hearing date for Boeing's Motion for Summary Judgment as to issues of liability, as set forth in the chart below. This briefing schedule and proposed hearing date comply with Local Civil Rules 7(E), (F)(1) and 56(A). The parties believe that the proposed deadline for Boeing's Expert Witness Disclosures provides the Court with reasonable time to consider the merits of the Motion and issue a decision before either party undertakes the burden of additional expert disclosures and depositions.

16. In addition to the proposed briefing schedule, hearing date, and extension of the case schedule below, the parties propose that *de bene esse* expert depositions be completed two weeks prior to the trial date in this matter.

17. The parties therefore propose a six-week extension in the existing case schedule, as reflected in the chart below:

| Activity | Current Deadline | Proposed Deadline |
|---|---|---|
| Boeing's Motion for Summary Judgment | | April 4, 2025[1] |
| Plaintiff's Response Brief | | April 18, 2025 |
| Boeing's Reply Brief | | April 24, 2025 |
| Hearing (If Needed) on Boeing's Motion | | May 1, 2025 |
| Boeing's Expert Witness Disclosures | April 3, 2025 | May 15, 2025 |
| Plaintiff's Rebuttal Expert Witness Disclosures | April 11, 2025 | May 23, 2025 |
| Fact Discovery Cutoff | April 11, 2025 | May 23, 2025 |
| Discovery Expert Deposition Deadline | April 18, 2025 | May 30, 2025 |
| Rule 26(a)(3) Pretrial Disclosures | April 16, 2025 | June 4, 2025 |
| Final Pretrial Conference | April 23, 2025 | June 4, 2025 |

Accordingly, the parties respectfully ask this Court to enter the Proposed Order attached as Exhibit A to the Consent Motion.

---

[1] Boeing will make every effort to file a dispositive motion by April 4, 2025. Some materials or attachments may be subject to NRO review before they may be filed.

-6-

Dated: March 21, 2025

By: /s/ *Ariel B. Glickman*
Ariel B. Glickman, VSB #90751
AGlickman@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone:  +1.202.654.6200
Facsimile:  +1.202.654.6211

Laura C. Hill (admitted *pro hac vice*)
LHill@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099
Telephone:  +1.206.359.8000
Facsimile:  +1.206.359.9000

*Attorneys for Defendants The Boeing Company and Boeing Aerospace Operations, Inc.*

SEEN AND AGREED:

By: /s/ *Justin M. Beall* (by ABG with permission)
Justin M. Beall, VSB #46182
jbeall@koonz.com
KOONZ MCKENNEY JOHNSON & DEPAOLIS LLP
Willow Wood Plaza I
10300 Eaton Place, Suite 200
Fairfax, VA 22030
Telephone: +1.703.218.4410
Facsimile: +1.703.218.4411

*Attorney for Plaintiff Tiffany Orlando*

## CERTIFICATE OF SERVICE

I, Ariel B. Glickman, hereby certify that on March 21, 2025, I filed the foregoing ***MEMORANDUM IN SUPPORT OF CONSENT MOTION TO AMEND CASE SCHEDULE AND DATE OF FINAL PRETRIAL CONFERENCE*** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record:

Justin M. Beall, VSB #46182
jbeall@koonz.com
KOONZ MCKENNEY JOHNSON &
DEPAOLIS LLP
Willow Wood Plaza I
10300 Eaton Place, Suite 200
Fairfax, VA 22030
Telephone: +1.703.218.4410
Facsimile: +1.703.218.4411

*/s/ Ariel B. Glickman*